

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CHRISTOPHER CHANCE HARGIS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:20-CV-003-A |
| | § | |
| LARRY FOWLER, Sheriff, | § | |
| Parker County, Texas, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION
## and
## ORDER

This is a petition for a writ of habeas corpus under 28 U.S.C. § 2241 filed by petitioner, Christopher Chance Hargis, a state prisoner, against Larry Fowler, Sheriff of Parker County, Texas, respondent. After having considered the petition and relief sought by petitioner, the court has concluded that the petition should be dismissed for mootness.

### I. Factual and Procedural History

At the time this petition was filed, petitioner was confined in the Parker County jail awaiting trial for theft of property, failure to identify by a fugitive, possession of marijuana, and possession of a controlled substance (less than 1 gram). (Correspondence, doc. 19.) In this petition, petitioner raises claims related to the pending theft-of-property case. (Pet. 3, doc. 1.) According to petitioner, his parents, who filed the criminal complaint, found out that petitioner's son put the

property, a phone, in petitioner's backpack and no longer wanted
to proceed with the case. (Id. at 5.) Petitioner seeks to have
the "charges dropped." (Id. at 7.) Petitioner has confirmed
through correspondence and/or the Parker County Attorney's Office
has provided documentary proof that the theft-of-property charges
in Cause No. CCL1-19-0648 were dismissed on March 19, 2020, and
that the remainder of the pending charges have been resolved,
either by way of a plea agreement or dismissal. (Correspondence,
doc. 19.)

## II. Discussion

Because petitioner is no longer a pretrial detainee awaiting
trial as it relates to his pending charges and, specifically,
because he has obtained the relief requested—*i.e.,* dismissal of
the theft-of-property charges, the petition as it relates to his
pretrial detention has been rendered moot. *See Thorne v. Warden,
Brooklyn House of Detention for Men,* 479 F.2d 297, 299 (2d Cir.
1973) ("Since [petitioner] is now held as a convicted defendant
rather than merely on a criminal charge not yet brought to trial,
the issue as to the legality of his continued pretrial detention
has been mooted, and it therefore becomes unnecessary to resolve
the constitutional issues presented."). *See also Fassler v.
United States,* 858 F.2d 1016, 1018 (5th Cir. 1988) (holding that
federal pretrial detainee's habeas-corpus application was
rendered moot by his conviction).

2

### III. Conclusion

For the reasons discussed herein,

It is ORDERED that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 be, and is hereby, DISMISSED for mootness. It is further ORDERED that a certificate of appealability be, and is hereby, DENIED.

SIGNED May ___21___, 2020.

_____
JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE

3